## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| **KRISTINA HARRIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **1:25-cv-1914** |
| | ) | |
| **RELIANCE LIFE INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR
## DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1.      Plaintiff Kristina Harris's claim against Defendant Reliance Life Insurance Company is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2.      Harris seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, Harris seeks: (a) a declaration and enforcement of rights under the short-term and long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) an instatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and (f) an award of attorney's fees and costs.

3.      Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4.      Harris is a former employee of The MITRE Corporation ("Employer"). While employed there, and while covered by the Group Disability Plan for employees of The Employer, Harris became disabled as that term is defined by The Plan.

5.      The MITRE Corporation Health & Welfare Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6.      The MITRE Corporation is the Plan Administrator of the Plan.

7.      The Plan Administrator is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

8.      Reliance Life Insurance Company ("Reliance") was contracted by the Plan Administrator to act as a fiduciary under the Plan as Claim Administrator.

## THE EMPLOYEE WELFARE BENEFIT PLAN

9.      At all times relevant Harris was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

10.      The Plan Administrator has delegated disability claims administration to the Claim Administrator.

11.      The Employer and Reliance are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

12.      The Claim Administrator is responsible for conducting any ERISA mandated claim evaluation and final review rests with Reliance and with no other entity.

13.      The Claim Administrator, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

14.     Reliance is fully responsible for the payment of all claims made under the Plan.

**HISTORY OF THE CLAIM**

15.     Harris worked for the MITRE until she became disabled.

16.     At all times relevant Harris has met the Plan's definition of disability.

17.     The Plan provides for lost income benefits.

18.     Harris timely gave notice of disability and applied for long-term disability benefits under the Plan.

19.     On February 17, 2023, Reliance denied Harris's claim for LTD benefits.

20.     On September 15, 2023, Harris appealed Reliance's wrongful denial.

21.     Reliance missed its deadline to decide Harris's appeal.

22.     In fact, it did not appear that Reliance had made any effort to review Harris's appeal.

23.     On November 7, 2023, Harris filed a complaint in the Eastern District of Virginia, 1:23-cv-01512.

24.     After receiving the Complaint, Reliance reinstated benefits and agreed to pay Harris's attorney fees in connection with the lawsuit.

25.     On December 18, 2023, Reliance formerly overturned its denial, agreeing with Harris that she was disabled under the terms of the Plan and that its February 17, 2023 was wrong.

26.     On February 8, 2024, Harris voluntarily dismissed her complaint without prejudice.

27.    From December 18, 2023 to March 2025 (about 15 months), Reliance continued to certify that Harris was disabled under the terms of the Plan, paying all benefits owed through March 6, 2025.

28.    On March 20, 2025, Reliance again denied Harris's claim, asserting that she was not disabled beyond March 6, 2025, under the terms of the plan.

29.    Despite Reliance's claims, Harris remained unable to work in any capacity.

30.    Plaintiff filed an appeal of the adverse benefit decision on her long-term disability claim on September 15, 2025.

31.    Reliance's deadline to decide Plaintiff's appeal was October 30, 2025.

32.    On October 27, 2025, just three days before Reliance's decision was due, Reliance sent a letter to counsel asking for an extension of time.

33.    Reliance purported to need an extension of time in order to conduct a routine medical review and to schedule an in-person medical examination.

34.    That same day, counsel wrote back to Reliance, objecting to its unilateral extension of time. (Exhibit 1)

35.    Counsel's letter reminded Reliance that numerous courts have held that a routine medical review is not a "special circumstance" warranting an extension.

36.    Counsel's letter also reminded Reliance that courts have held an insurer cannot use an independent medical examination as a vehicle to give itself a unilateral extension of time and that it is not a "special circumstance."

37.    In fact, counsel cited several cases involving Reliance, where this Court has held Reliance cannot give itself unilateral extensions of time.

38.    Counsel cited *Rupprecht v. Reliance Standard Life Ins. Co.*, 623 F. Supp. 683, 690 (E.D. Va. 2022) (although Reliance requested an extension, it "failed to establish 'special circumstances' to justify the 45-day extension").

39.    Counsel cited *Wonsang v. Reliance Standard Life Ins. Co.*, 729 F. Supp. 3d 563, 574 (E.D. Va. 2024), *aff'd* 24-1419, 2025 U.S. App. LEXIS 14624 (4th Cir. June 13, 2025) ("an insurer may not use an [independent medical examination] as a means to grant itself a unilateral extension of the appeal period").

40.    And counsel cited *Cogdell v. Reliance Standard Life Ins. Co.*, 748 F. Supp. 3d 391, 399 (E.D. Va. 2024) ("The Court also concludes, as many other courts have, that an independent medical review without more is not a 'special circumstance' that would make a 45-day extension appropriate."), which not only involved the same defendant but also the exact same LTD Plan at issue in this case for MITRE employees.

41.    Counsel informed Reliance that if it did not issue a timely decision on or before October 30, 2025 that Harris would deem her appeal rights exhausted and her appeal deemed denied.

42.    Reliance chose not to respond to counsel's letter.

43.    Reliance ignored counsel's letter and instead sent a letter on October 30, 2025 (the date its appeal decision was due), saying that it had scheduled an "Independent Medical Examination" for November 18, 2025 – nineteen (19) days after its appeal decision was due.

44.    Reliance did not request any valid extension of time.

45.    Reliance did not identify any special circumstance outside of its control warranting the extension of its deadline.

46.    Reliance has surpassed its deadline to issue a determination on Harris' appeal.

47.    To date, Reliance has not issued a determination on Harris's appeal.

48.    Due to the facts alleged supra, Harris's claim is "deemed exhausted."

49.    Harris has exhausted the administrative remedies of the Plan.

50.    Reliance has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

51.    Harris is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

52.    Harris is entitled to these benefits because the benefits are permitted under the policy issued by Reliance; Harris has satisfied all conditions precedent to be eligible to receive the benefits and Harris has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

Harris requests that this Court enter an Order declaring the following:

1.    No deference be granted to the decision of Reliance to deny benefits.

2.    That Harris is entitled to long-term disability benefits under the Plan.

3.    That Harris is entitled to payment of past-due long-term disability benefits and reinstatement to monthly benefits under The Plan.

4.    That Harris is entitled to payment of pre- and post-judgment interest.

5.    That Harris is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Kristina Harris*
By Counsel

_____/s/_____
Damon R. Miller | VSB #98308
Benjamin W. Glass, III | VSB #23152
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
dmiller@BenGlassLaw.com
        *Counsel for Plaintiff*